UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATELYN J. MASON,

      Plaintiff,

v.                                Case No:  6:17-cv-1504-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff Katelyn J. Mason appeals to this Court from Defendant, the Commissioner of Social Security's final decision denying her application for disability insurance benefits. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **AFFIRMED**.

## I. Background[1]

Plaintiff applied for benefits on December 16, 2013, alleging she had become disabled on July 1, 2013 (Tr. 63, 142-143). Her claims were denied at the initial level and on reconsideration (Tr. 63, 83-85, 88-92). At her request, an ALJ conducted an administrative hearing on May 11, 2016 and issued an unfavorable decision on July 18, 2016 (Tr. 7-26, 37-57, 93-94). On June 22, 2017, the Appeals Council denied Plaintiff's petition for review of the ALJ's decision (Tr. 1-6). The ALJ's decision is the

_____

[1] The information in this section comes from the parties' joint memorandum filed on March 28, 2018 (Doc. 15).

Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

## II. The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process that appears in 20 C.F.R. § 404.1520(a)(4). The evaluation process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: myasthenia gravis,[2] bilateral lower extremity neuropathy, asthma, fatty liver, sleep apnea, and obesity (Tr. 12-13). At step

---

[2] Myasthenia gravis

is a chronic autoimmune neuromuscular disease that causes weakness in the skeletal muscles, which are responsible for breathing and moving parts of the body, including the arms and legs. The name myasthenia gravis, which is Latin and Greek in origin, means "grave, or serious, muscle weakness."

The hallmark of myasthenia gravis is muscle weakness that worsens after periods of activity and improves after periods of rest.

Available at https://www.ninds.nih.gov/Disorders/Patient-Caregiver-Education/Fact-Sheets/Myasthenia-Gravis-Facts-Sheet.

three, the ALJ concluded that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled one of the listed impairments in 20 CFR Part

404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, and 404.1526 (Tr. 13).

Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional

capacity ("RFC") to,

> [P]erform sedentary work as defined in 20 CFR 404.1567(a)
> with limitations. The claimant is limited to no more than
> occasional climbing ramps/stairs, balancing, stooping,
> kneeling, crouching or crawling; she must avoid climbing of
> ladders, ropes and scaffolds; no concentrated exposure to
> work hazards (dangerous machinery, unprotected heights,
> etc.); no concentrated exposure to pulmonary irritants (dust,
> fumes, odors, gases, poor ventilation, etc.); she is limited to no
> more than simple, routine, repetitive tasks; no more than
> frequent gross manipulation with her bilateral upper
> extremities; and the claimant needs to stand and stretch every
> hour for 30 seconds.

(Tr. 13-19). At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work (Tr. 19). But, the ALJ ultimately concluded at step five that there were other

jobs in the national economy – call out operator, document preparer, and surveillance

system monitor – that Plaintiff could perform and therefore, she was not disabled (Tr. 20-

21).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the

Commissioner applied the correct legal standards and whether the Commissioner's

findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363

F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if

supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more

than a scintilla but less than a preponderance. It is such relevant evidence that a

reasonable person would accept as adequate to support a conclusion." <u>Winschel v. Comm'r of Soc. Sec.</u>, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. <u>Miles v. Chater</u>, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" <u>Id.</u> "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." <u>Foote v. Chater</u>, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); <u>accord</u> <u>Lowery v. Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV. Discussion

Plaintiff argues that the ALJ committed reversible error by failing to properly consider and weigh the opinions of treating physicians, Dr. Dalia Fulop and Dr. Jorge Mirabelli, and by failing to appropriately evaluate Plaintiff's subjective complaints (Doc. 15 at 12-22). Plaintiff's failure to show what – if any – prejudice she sustained as a result of the ALJ's errors is fatal to her arguments.

It is well settled that an administrative error does not warrant reversal unless the plaintiff establishes that she was prejudiced by the mistake. <u>See</u> <u>Kelly v. Heckler</u>, 761 F.2d 1538, 1540 (11th Cir. 1985) ("[A] showing of prejudice must be made before we will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration.") (citing <u>Smith v. Schweiker</u>, 677 F.2d 826, 829 (11th Cir. 1982); <u>Ware v. Schweiker</u>, 651 F.2d 408, 413-414 (5th Cir. Unit A 1981)); <u>Morales v.</u>

Comm'r Soc. Sec., Case No. 6:16-cv-1303-Orl, TBS, 2017 WL 4297280, at *3 (M.D. Fla. June 6, 2017). In other words, a plaintiff must show that but for the ALJ's mistake, the evaluation of the cumulative evidence would have resulted in a favorable disability decision. Cf. Snell v. Comm'r Soc. Sec., Case No. 6:12-cv-1542-Orl-22TBS, 2013 U.S. Dist. LEXIS 185166, at *9 (M.D. Fla Dec. 6, 2013) (The ALJ's error must result in prejudice, such that had the ALJ done things differently, the residual functional capacity consideration, and ultimate disability decision, would be different); Gallegos v. Comm'r Soc. Sec., Case No. 6:17-cv-620-Orl-40TBS, 2018 U.S. Dist. LEXIS 75771, at *11 (M.D. Fla. April 19, 2018); Duran v. Comm'r Soc. Sec., Case No. 6:17-cv-428-Orl-40TBS, 2018 U.S. Dist. LEXIS 27571, at *11 (M.D. Fla. Feb. 5, 2018).

*Dr. Fulop's Opinion*

Weighing the findings and opinions of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process. The Eleventh Circuit clarified the standard the Commissioner is required to utilize when considering medical opinion evidence in Winschel. There, the court held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79; see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). Good cause to reject exists when the: "(1) treating physician's opinion was not bolstered

by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir.1991).

Dr. Fulop treated Plaintiff for symptoms related to her myasthenia gravis and on January 23, 2014, completed a Treating Source Neurological Questionnaire in which the doctor opined that Plaintiff's myasthenia gravis flares cause fatigue, gait disturbance and motor loss/weakness (Tr. 281). Dr. Fulop determined, however, that Plaintiff retained full grip strength and significant lower extremity strength (Id.). She also determined that it was not necessary for Plaintiff to ambulate with the assistance of a hand-held device (Id.). The ALJ mentioned some of Dr. Fulop's findings, but not all of the doctor's conclusions in her written opinion and, consequently, failed to assign any weight to them. Plaintiff argues that the ALJ's omission constitutes reversible error (Doc. 15 at 13-14). Plaintiff argues that because the ALJ failed to mention Dr. Fulop's opinion, there is no way of knowing whether the ALJ actually considered the doctor's medical opinions (Id.).

While Dr. Fulop diagnosed Plaintiff with myasthenia gravis and identified the symptoms that are present during a "flare up," Dr. Fulop's treatment opinion was otherwise unremarkable. The ALJ's failure to mention and weigh Dr. Fulop's opinion was erroneous under Winschel, 631 F.3d at 1178-79 and Sharfarz, 825 F.2d at 279. But, the error was harmless. There is no evidence that Dr. Fulop issued an opinion on Plaintiff's functional limitations or that the doctor's opinions would have resulted in the formulation of a more restrictive RFC for Plaintiff. In the absence of specific explanatory evidence, simply referencing a diagnosis, and surmising that it would possibly impact Plaintiff's functioning and ability to sustain work activity eight hours a day, five days a week on a regular and continuous basis is insufficient. See Moore v. Barnhart, 405 F.3d 1208, 1213

n.6 (11th Cir. 2005) ("[T]he mere existence of ... impairments does not reveal the extent to which they limit [Plaintiff's] ability to work or undermine the ALJ's determination in that regard."); Ward v. Astrue, No. 3:00-cv-1137-J-HTS, 2008 WL 1994978, at *3 (M.D. Fla. May 8, 2008) ("[A] 'mere diagnosis ... says nothing about the severity of the condition ... [D]isability determinations turn on the functional consequences, not the causes, of a claimant's condition'") (internal citations omitted). Thus, Plaintiff's failure to show that she was prejudiced by the ALJ's error is fatal to her request for remand. See Kelly , 761 F.2d at 1540 (citing Smith, 677 F.2d at 829); Ware, 651 F.2d at 413-414; Morales, 2017 WL 4297280, at *3.

*Dr. Mirabelli's Opinion*

The ALJ also failed to assign weight to the opinion of treating physician Jorge Mirabelli, M.D. On March 18, 2016, Dr. Mirabelli treated Plaintiff for myasthenia gravis (Tr. 461). Dr. Mirabelli observed that Plaintiff self-reported "episodes of weakness" and not being able to complete tasks which, the doctor opined, was a "usual report from [Plaintiff]" (Id.). Dr. Mirabelli concluded that Plaintiff's "weakness as she complains may be the result of unrealistic expectati[ons] of being able to sustain physical activity for prolonged periods of time" (Id.). Dr. Mirabelli noted that Plaintiff was taking the maximum dosage of her prescribed medication and that if she continued any further deterioration, then a different course of treatment would have to be pursued (Id.). Plaintiff argues that the ALJ's failure to weigh Dr. Mirabelli's opinion necessitates remand, and that the doctor's opinion "supports a finding that [Plaintiff] is unable to sustain physical activity for prolonged periods of time" (Doc. 15 at 18). Dr. Mirabelli did not offer an opinion on Plaintiff's functional limitation or her ability to engage in substantial gainful activity. And, Plaintiff has not shown that the weighing of Dr. Mirabelli's opinion would have resulted in

- 7 -

a more restrictive RFC assessment. Accordingly, the ALJ's failure to assign weight to Dr. Mirabelli's opinion is harmless error because prejudice has not been established. In the absence of prejudice, remand is not justified. Kelly, 761 F.2d at 1540 (citing Smith, 677 F.2d at 829); Ware, 651 F.2d at 413-414; Morales, 2017 WL 4297280, at *3.

### Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ failed to apply the correct legal standards to her subjective complaints (Doc. 15 at 20-22). Plaintiff testified that in the past three years, weakness in her body, including her hands and legs, has caused her to stop driving (Tr. 41-42). She testified that this weakness "comes over [her] at any time, at any part of the day" (Tr. 42). Plaintiff also testified that the weakness causes her to elevate her legs three to four times a day (Tr. 44). Plaintiff stated that she must rely on someone to help her perform daily hygiene activities, like take a shower, get dressed, and groom her hair (Id.).

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 15). Plaintiff contends that the ALJ failed to articulate sufficient reasons why her testimony was not credible (Doc. 15 at 22). She also argues that Dr. Fulop and Dr. Mirabelli's opinions are medical evidence that supports Plaintiff's self-described impairments (Id., at 21). As I have already explained, the ALJ did err in handling Dr. Fulop and Dr. Mirabelli's opinions. But, those errors are harmless. Although it is frustrating that the ALJ made such glaring mistakes in her decision, those errors, considered separately or in combination,

do not change the fact that the ALJ cited substantial evidence for her credibility determination.[3]

## V. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Commissioner's final decision in this case be **AFFIRMED,** and that the Clerk be directed to **ENTER** judgment accordingly and **CLOSE** the file.

## VI. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on June 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Court Judge
Counsel of Record

---

[3] According to the ALJ, Plaintiff's testimony was "not entirely consistent with the medical evidence and other evidence in the record. This is because the evidence generally does not support the alleged loss of functioning for the reasons explained in this decision." (Tr. 15).

Then the ALJ referenced and discussed, *inter alia*, Dr. Fulop's report, which, according to the ALJ, found that Plaintiff did not suffer from "acute deficits or significant abnormalities upon examination." (Id.). The ALJ also cited and summarized Dr. Mirabelli's examination, findings as follows "no pronator drift; muscle bulk and tone normal; no atrophy or fasciculation noted; reflexes normal; intact sensation, no loss to light touch, pinprick, vibratory or toe joint position perception; coordination normal; claimant demonstrates normal gait; able to stand without difficulty, and no assistive device needed." (Tr. 16).